IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor, 200 Constitution Avenue, N.W. Washington, D.C. 20210, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 24 C 3598 |
| BAKERY, CONFECTIONERY, TOBACCO WORKERS & GRAIN MILLERS LOCAL 1, 7310 W. 39th Street Lyons, IL 60534 | ) ) ) ) ) | Judge Kennelly |
| Defendant. | ) ) | |

**JOINT AGREED MOTION REQUESTING COURT
TO ENTER STIPULATION OF SETTLEMENT AND ORDER**

Plaintiff, Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary" or "Plaintiff"), by and through Morris Pasqual, Acting United States Attorney, Craig A. Oswald, Assistant United States Attorney, and Defendant, Local 1, Bakery, Confectionery, Tobacco Workers & Grain Millers Local 1 ("Local 1" or "Defendant"), by and through Robert A. Seltzer, Cornfield and Feldman LLP, hereby submit this joint agreed motion requesting the Court to enter the proposed Stipulation of Settlement and Order, which is attached hereto as **Exhibit A** and will be submitted contemporaneously to the Court by email.

1.     Plaintiff brought this action on May 3, 2024, under the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. §§ 481-483), hereinafter referred to as the Act, requesting a judgment declaring that Local 1's election for the offices of President, Recording Secretary, and four Trustees, which was concluded on January 13, 2023 ("2023 Election"), be

declared void and requesting that a new election for those offices be conducted under the supervision of Plaintiff. Local 1 denies the violations alleged in this action.

2. Plaintiff and Defendant (collectively "the parties") agree that it is in the parties' best interest to resolve this lawsuit on mutually agreeable terms without further litigation. The parties agree to the entry of the Stipulation of Settlement and Order without trial or further adjudication of any issues of fact or law raised in the Acting Secretary's Complaint.

3. The parties agree in the Stipulation of Settlement and Order that Local 1 will conduct a new election under the supervision of Plaintiff, for the offices of President, Financial Secretary-Treasurer, Recording Secretary, and four Trustees, to be completed no later than December 31, 2025, unless Plaintiff in its sole discretion determines that the supervised election should be conducted at a later date. Although the election of Financial Secretary-Treasurer was not at issue in this suit, the parties agree that, for purposes of convenience and efficiency, the parties will include that office in the supervised election.

4. The parties agree to the particular requirements governing the election and related matters set forth in the Stipulation of Settlement and Order.

5. The supervised election shall be conducted in accordance with Title IV of the LMRDA (29 § U.S.C. 481, *et seq*.) and, insofar as lawful and practicable, in accordance with Local 1's Bylaws, and the Constitution of the Bakery, Confectionery, Tobacco Workers and Grain Millers International Union ("International Constitution").

6. The Stipulation of Settlement and Order provides, *inter alia*, for the following:

   a. All decisions as to the interpretation or application of Title IV of the LMRDA, the International Constitution, and Local 1's Bylaws relating to the supervised election are to be determined by Plaintiff and Plaintiff's

2

decision shall be final.

b. Any protests concerning any aspect of the supervised election shall be filed in writing directly with the Acting Secretary's designated election supervisor no later than 10 days after the completion of the ballot tally. In the event a violation affecting outcome occurs and cannot be remedied, the Acting Secretary shall conduct a rerun of the supervised election.

c. The Court shall retain jurisdiction of this action pending completion of the supervised election. After completion of the supervised election and resolution of any disputes or challenges, Plaintiff will promptly certify to the Court the name of the persons elected to serve as the President, Financial Secretary-Treasurer, Recording Secretary, and four Trustees, respectively. *See* 29 U.S.C. § 482(c).

d. The Acting Secretary shall further certify that the supervised election was conducted in accordance with Title IV of the LMRDA and, insofar as lawful and practicable, in accordance with the provisions of Defendant's constitution and bylaws.

e. Upon approval of the certification, the Court shall enter a final judgment declaring that such persons have been elected as shown by the certification.

f. Each party shall bear its own fees, costs and other expenses incurred by such party in connection with this proceeding up to and including the date of entry of the final judgment.

**WHEREFORE**, the parties respectfully request that the Court grant their joint

3

agreement motion and enter the Stipulation of Settlement and Order.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: *s/ Craig A. Oswald*
    CRAIG A. OSWALD
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-9080
    craig.oswald@usdoj.gov

    Attorneys for Plaintiff Julie A. Sue,
    Acting Secretary of Labor, United
    States Department of Labor

    s/ Robert A. Seltzer
    ROBERT A. SELTZER
    Cornfield and Feldman LLP
    25 East Washington Street, Suite 1225
    Chicago, Illinois 60602
    (312) 236-6640 (direct); (312) 218-2511 (cell)
    rseltzer@cornfieldandfeldman.com

    Attorneys for Defendant Bakery,
    Confectionary, Tobacco Workers & Grain
    Millers Local

4