IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, <br> United States Department of Labor, <br> 200 Constitution Avenue, N.W. <br> Washington, D.C. 20210, <br><br> Plaintiff, <br><br> v. <br><br> BAKERY, CONFECTIONERY, TOBACCO <br> WORKERS & GRAIN MILLERS LOCAL 1, <br> 7310 W. 39th Street <br> Lyons, IL 60534 <br><br> Defendant. | 24 C 3598 <br><br> Judge Kennelly |

## STIPULATION OF SETTLEMENT AND ORDER

Plaintiff, Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary" or "Plaintiff"), by and through Morris Pasqual, Acting United States Attorney, Craig A. Oswald, Assistant United States Attorney, having filed her complaint and Defendant, Local 1, Bakery, Confectionery, Tobacco Workers & Grain Millers Local 1 ("Local 1" or "Defendant"), by and through Robert A. Seltzer, Cornfield and Feldman LLP, having answered, and in order to resolve this action without the necessity of further litigation, the parties stipulate and agree as follows:

1. Plaintiff brought this action on May 3, 2024, under the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. §§ 481-483), hereinafter referred to as the Act, requesting a judgment declaring that Local 1's election for the offices of President, Recording Secretary, and four Trustees, which was concluded on January 13, 2023 ("2023

Election"), be declared void and requesting that a new election for those offices be conducted under the supervision of Plaintiff.

2. Plaintiff alleged that violations of Title IV of the Act (29 U.S.C. § 481, *et seq.*) had occurred and had not been remedied at the time of the institution of this action.

3. Local 1 denies the violations alleged in this action.

4. Plaintiff and Defendant (collectively "the parties") agree that it is in the parties' best interest to resolve this lawsuit on mutually agreeable terms without further litigation. The parties agree to the entry of this Stipulation and Order without trial or further adjudication of any issues of fact or law raised in the Acting Secretary's Complaint.

5. The parties agree to entry of an Order directing that Local 1 will conduct a new election under the supervision of Plaintiff, for the offices of President, Financial Secretary-Treasurer, Recording Secretary, and four Trustees, to be completed no later than December 31, 2025, unless Plaintiff in its sole discretion determines that the supervised election should be conducted at a later date. Although the election of Financial Secretary-Treasurer was not at issue in this suit, the parties agree that, for purposes of convenience and efficiency, the parties will include that office in the supervised election.

6. The parties also agree that, to the extent a tie vote occurs in any race, the supervised election shall include a runoff election that will be conducted no later than January 31, 2026, unless Plaintiff in its sole discretion determines that the runoff election should be conducted at a later date.

7. The supervised election shall be conducted in accordance with Title IV of the LMRDA (29 § U.S.C. 481, *et seq.*) and, insofar as lawful and practicable, in accordance with Local 1's Bylaws, and the Constitution of the Bakery, Confectionery,

2

Tobacco Workers and Grain Millers International Union ("International Constitution").

8.  The parties agree that they will begin working together towards the supervised election no later than April 30, 2025, by holding a planning meeting between the parties during April 2025, unless the parties mutually agree to a different timeframe.

9.  The parties further agree that Local 1 will select its election committee and will begin updating its membership list, including member mailing addresses, under the supervision of Plaintiff, no later than June 30, 2025, unless Plaintiff in its sole discretion determines that the updates to the mailing list and/or the selection of the election committee should be conducted at a later time.

10. The parties also agree that nominations shall be conducted in October 2025 for the supervised election of the offices of President, Financial Secretary-Treasurer, Recording Secretary, and four Trustees, unless Plaintiff in its sole discretion determines that nominations should be conducted at a later time.

11. It is further stipulated that:

    a. All decisions as to the interpretation or application of Title IV of the LMRDA, the International Constitution, and Local 1's Bylaws relating to the supervised election are to be determined by Plaintiff and Plaintiff's decision shall be final.

    b. Any protests concerning any aspect of the supervised election shall be filed in writing directly with the Acting Secretary's designated election supervisor no later than 10 days after the completion of the ballot tally. In the event a violation affecting outcome occurs and cannot be remedied, the Acting Secretary shall conduct a rerun of the supervised election.

    c. The Court shall retain jurisdiction of this action pending completion of the supervised election. After completion of the supervised election and resolution of any disputes or challenges, Plaintiff will promptly certify to the Court the name of the persons elected to serve as the President, Financial Secretary-Treasurer, Recording Secretary, and four Trustees, respectively. *See* 29 U.S.C. § 482(c).

    d. The Acting Secretary shall further certify that the supervised election was conducted in accordance with Title IV of the LMRDA and, insofar as lawful and practicable, in accordance with the provisions of Defendant's constitution and bylaws.

    e. Upon approval of the certification, the Court shall enter a final judgment declaring that such persons have been elected as shown by the certification.

    f. Each party shall bear its own fees, costs and other expenses incurred by such party in connection with this proceeding up to and including the date of entry of the final judgment.

The effective date of this Stipulation of Settlement and Order is the date of the last signature below.

We so agree,

                                  Respectfully submitted,

                                  MORRIS PASQUAL

        Acting United States Attorney

        By: *s/ Craig A. Oswald*
            CRAIG A. OSWALD
            Assistant United States Attorney
            219 South Dearborn Street
            Chicago, Illinois 60604
            (312) 886-9080
            craig.oswald@usdoj.gov

        Attorneys for Plaintiff Julie A. Sue,
        Acting Secretary of Labor, United
        States Department of Labor

        s/ Robert A. Seltzer
        ROBERT A. SELTZER
        Cornfield and Feldman LLP
        25 East Washington Street, Suite 1225
        Chicago, Illinois 60602
        (312) 236-6640 (direct); (312) 218-2511 (cell)
        rseltzer@cornfieldandfeldman.com

        Attorneys for Defendant Bakery,
        Confectionary, Tobacco Workers & Grain
        Millers Local

Dated:      November 5, 2024

**SO ORDERED.**

Dated:      October \_\_\_, 2024

        _____
        **United States District Judge**